IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>EDISON BURGOS-MONTES [1],<br><br>Defendant. | CRIMINAL NO. 06-009 (JAG) |

## **REPORT AND RECOMMENDATION**

### I. INTRODUCTION

Defendant Edison Burgos-Montes has been charged in a Superseding Indictment with: (Count One), a violation to 21 U.S.C. §846, that is, a conspiracy for possession with intent to distribute five (5) kilograms or more of cocaine in violation of Title 21 U.S.C. §841(a)(1); (Count Two), a violation to 21 U.S.C. §952(a), that is conspiracy to import into the customs territory of the United States from a place outside thereof, five kilograms or more of cocaine in violation of Title 21 U.S.C. §963; (Count Three), murder of Madelin Semidey-Morales, a government witness and informant, to prevent the attendance or testimony in an official proceedings and/or prevent communication by her to law enforcement officers about his unlawful narcotics trafficking, a violation of Title 18, U.S.C. §1512(a)(1)(A) and (C); (Count Four), killing Madelin Semidey-Morales with the intent to retaliate for providing to a law enforcement officer information related to the commission of a federal offense, a violation to 18 U.S.C. §1111; and (Count Five) a forfeiture, if convicted of Counts One and Two.

United States v. Edison Burgos Montes
Criminal No. 06-09 (JAG)
Report and Recommendation
Page No. 2

On July 28, 2006, above defendant Burgos filed a Motion to Exclude Usage of Tape Recordings (**Docket No. 85**) which was referred to this Magistrate Judge on August 24, 2006 (**Docket Nos. 91, 92**). On August 28, 2006, the government filed a response. (**Docket No. 94**).

Defendant Burgos submits in support of his Motion to Exclude Tape Recordings as to purported conversations between Burgos and Madelin Semidey Morales that: the informant is unavailable to testify at trial to authenticate the tapes; the introduction of the tapes would be in violation of the Confrontation Clause of the Sixth Amendment of the United States Constitution; the tapes have no indicia of reliability to fit within the exceptions of the Federal Rules of Evidence related to hearsay; and defense counsel will have no opportunity to challenge through cross-examination the voices on the tapes or their content.

The government has contested defendant Burgos' claims as to his general allegation that the recordings cannot be authenticated indicating these were made in the presence of law enforcement officers who will be able to authenticate them. The agents were present during the conversations and monitored many of the recordings. Accordingly, at the time the evidence is presented for trial, the government will meet its burden of satisfying the requirements of the Federal Rules of Evidence. Thus, the government claims authentication is not an element for suppression at this juncture.

The government further contests defendant Burgos' averment as to the Confrontation Clause would be defied under proper application of Federal Rule of Evidence 804(b) and its

hearsay exception. More so, because defendant Burgos failed to discuss in the motion to exclude that he had forfeited by wrongdoing the informant's presence at trial and may not now find support to exclude said recordings on his right to cross-examine an unavailable witness. Additionally, the government submits as to defendant Burgos' general claim against admission of the recordings on grounds of lack of audibility, that such bare assertion is insufficient because Burgos fails to identify the particular tapes or portion of the tapes he considers inaudible.

## II.  LEGAL DISCUSSION

### A. Witness Unavailable and the Confrontation Clause.

Defendant Burgos submits he never caused any harm to the informant and if she is unavailable it is through no fault of his. Because of the informant being unavailable, defendant's Confrontation Right under the Sixth Amendment of the United States Constitution and his right to cross-examine witnesses against him, would be infringed. Defendant Burgos relies in the a recent Supreme Court, Crawford v. Washington, 541 U.S. 36, 124 S.Ct. 1354 (2004), providing that out of court statements of witness are barred unless a defendant had a prior opportunity to cross-examine the witness regardless if such statement is deemed reliable by the court.

Defendant Burgos' reliance on Crawford does not rest on an unmovable footing. Defendant is accurate to state the Supreme Court's decision in Crawford did change the legal landscape for determining whether the admission of certain hearsay statements violates the accused's right to confront witnesses and it also overturned earlier precedent that allowed a

United States v. Edison Burgos Montes
Criminal No. 06-09 (JAG)
Report and Recommendation
Page No. 4

court to consider hearsay testimony against a criminal defendant if that testimony "bore particularized guarantees of trustworthiness," *see, e.g.*, Ohio v. Roberts, 448 U.S. 56, 66, 100 S.Ct. 2531 (1980). Still, the Crawford Court held that, **absent other grounds for admissibility**, the Confrontation Clause categorically bars the admission of testimonial hearsay unless the declarant is unavailable and the accused has had a prior opportunity to cross-examine the declarant. Crawford, 541 U.S. at ----, 124 S.Ct. at 1374 ("Where testimonial evidence is at issue ... the Sixth Amendment demands what the common law required: unavailability and a prior opportunity for cross-examination.") (*Emphasis supplied*).

Still, the government's response to defendant Burgos' motion to exclude the taped recordings of the conversations with the now unavailable informant/witness, draws upon the forfeiture by wrongdoing doctrine and Rule 804(b)(6) application to the instant case that defendant Burgos failed to discuss.

The new Rule 804(b)(6) (forfeiture by wrongdoing) codifies then-existing common law.[1] The common-law doctrine of forfeiture by misconduct held that where a party's deliberate wrong-doing or acquiescence thereto procured the unavailability of a hearsay declarant as a witness, forfeits the right to object on hearsay grounds to the admission of the declarant's prior statement.

---

[1] The advisory committee noted its specific goal to implement a "prophylactic rule to deal with abhorrent behavior which strikes at the heart of the system of justice itself." Fed.R.Evid. 804(b)(6) advisory committee note (internal quotations omitted); *see* United States v. Thompson, 286 F.3d 950, 962 (7th Cir.2002) (stating that "the primary reasoning behind this rule" is "to deter criminals from intimidating or 'taking care of' potential witnesses against them").

Many circuits that have addressed the issue have recognized such a doctrine. *See* United States v. Rodríguez-Marrero, 390 F.3d 1, 16-17 (1st Cir. 2004 ); Horton v. Allen, 370 F.3d 75, 83 (1st Cir. 2004); United States v. Houlihan, 92 F.3d 1271, 1280 (1st Cir.1996); *see also* other sister courts; United States v. Aguiar, 975 F.2d 45, 47 (2d Cir.1992); United States v. Thevis, 665 F.2d 616, 631 (5th Cir.1982); Steele v. Taylor, 684 F.2d 1193, 1202 (6th Cir.1982); United States v. Balano, 618 F.2d 624, 629 (10th Cir.1979); United States v. Carlson, 547 F.2d 1346, 1358-59 (8th Cir.1976).

These circuits have adopted varying tests for determining whether a forfeiture had occurred such as clear and convincing evidence standard. *See, e.g.*, Thevis, 665 F.2d at 630. Others, like the Court of Appeals for the First Circuit Court, adopted a preponderance of the evidence analysis. *See, e.g.*, Houlihan, 92 F.3d at 1280.

In Houlihan, 92 F.3d 1271 at 1278-1279, the Appeals Court for the First Circuit decided a defendant waives his rights under the Confrontation Clause by murdering a potential witness to prevent that witness from turning state's evidence and/or testifying against him at trial. Likewise, in United States v. Panzardi-Lespier, 918 F.2d 313 (1st Cir. 1991), the Court of Appeals found defendant's confrontation rights were not violated when admitting in evidence the tape recordings of defendant's conversations with an informant who had been murdered and was thus not available to testify.

Additionally, after Crawford was determined, numerous rulings have continued to support a hearsay exception to admission of unavailable testimony when a defendant's

United States v. Edison Burgos Montes
Criminal No. 06-09 (JAG)
Report and Recommendation
Page No. 6

wrongdoing serves as predicate act for the absence at trial of the witness/informant. Although it is firmly rooted, the Sixth Amendment provides in part that "[i]n all criminal prosecutions, the accused shall enjoy the right ... to be confronted with the witnesses against him...." U.S. Const. Amend. VI, the provisions of Federal Rule of Evidence 804(b)(6) would not defy such constitutional protection. Rather, Rule 806(b)(6) provides that "[a] statement offered against a party that has engaged or acquiesced in wrongdoing that was intended to, and did, procure the unavailability of the declarant as a witness ... [is] not excluded by the hearsay rule if the declarant is unavailable as a witness." *See* United States v. Montague, 421 F.3d 1099 (10th Cir. 2005) (defendant has procured the unavailability of his spouse's testimony and the Crawford rationale did not prevent use of wife's testimony as an exception under the Fed.R.Evidence, 804(b)(6) hearsay exception).

As the Court of Appeals for the First Circuit has simply stated, "[f]orfeiture by wrongdoing is an independent ground for the admissibility of hearsay testimony that survives Crawford." *See* Rodríguez-Marrero, 390 F.3d at 17.

Similar rulings have been rendered subsequent to Crawford by several Court of Appeals; *see* United States v. Arnold, 410 F.3d 895, 912 (6th Cir. 2005)(in re-calibrating the Confrontation Clause analysis, Crawford does not alter the forfeiture-by-wrongdoing exception to the Clause, which applies when the criminal defendant is responsible for the witness's unavailability); United States v. García-Meza, 403 F.3d 364, 370-71 (6th Cir. 2005) (Supreme Court's recent affirmation in Crawford of the "essentially equitable grounds" for the rule of

forfeiture strongly suggests that the rule's applicability does not hinge on the wrongdoer's motive, which regardless of whether he intended to prevent the witness from testifying against him or not, he would benefit through his own wrongdoing if such a witness's statements could not be used against him, which the rule of forfeiture, based on principles of equity, does not permit); United States v. Gray, 405 F.3d 227 (4th Cir. 2005) (rule codifying forfeiture-by-wrongdoing exception to hearsay rule applies whenever the defendant's wrongdoing was intended to, and did, render the declarant unavailable as a witness against the defendant, without regard to the nature of the charges at the trial in which the declarant's statements are offered).

Turning to this case, defendant's request to exclude usage of tape recordings under the Confrontation Clause at this juncture is premature. The government must be able, prior to trial or outside the presence of the jury, to establish before the presiding Court, by only a preponderance of the evidence, the proper burden of proof applicable to a Rule 804(b)(6), that is, that defendant engaged or acquiesced in wrongdoing that led to the witnesses unavailability. *See* Gray, 405 F.3d at 241. Such a hearing under Rule 804(b)(6) is critical to a defendant's defense. Notwithstanding, being such issue so closely linked to trial and evidentiary rulings that bear a significant weight in trial proceedings in the instant pending death penalty certification case, said hearing should be entertained by the trial court, outside the presence of the jury.

Thus, this Magistrate Judge respectfully defers to the Court any ruling on Rule 804(b)(6). United States v. Rivera, 412 F.3d 562 (4th Cir. 2005). Accordingly, it is recommended that

United States v. Edison Burgos Montes
Criminal No. 06-09 (JAG)
Report and Recommendation
Page No. 8

United States v. Edison Burgos Montes
Criminal No. 06-09 (JAG)
Report and Recommendation
Page No. 8

defendant Burgos' motion to exclude usage of tape recordings under the Confrontation Clause at this juncture be DENIED WITHOUT PREJUDICE.

### B. Authentication of the recordings.

Defendant Burgos also submits there being no possible authentication of the recorded conversations by the unavailable witness Madelin Semidey Morales as to time, date and content, these should be excluded.

Admissibility of the tape recordings at issue lies within the sound discretion of the Court. The "foundation" required in order to authenticate evidence-- the tape recordings--is simply an evidentiary showing of whatever facts are necessary in the circumstances to prove that the item is what the proponent claims it to be. Fed.R.Evid. 901. In the case of recorded conversations, some courts have a recipe for this showing, *e.g.*, United States v. Carbone, 798 F.2d 21, 24 (1st Cir.1986); United States v. Rengifo, 789 F.2d 975, 979 (1st Cir.1986). *See generally* 5 *Weinstein's Federal Evidence* § 901.07[3][a] (McLaughlin ed., 2d ed.1999); *see also* United States v. Doyon, 194 F.3d 207, 212 (1st Cir. 1999).  The Court of Appeals for the First Circuit simply requires proof that the tape recording accurately reflects the conversation in question.

Since the government has proffered it will have the law enforcement agents and any participating officer available to authenticate the recordings at trial, defendant Burgos' argument as to authentication at this stage is premature. Thus, it is recommended that defendant Burgos' request to exclude tape recording conversations on grounds of lack of authentication be DENIED WITHOUT PREJUDICE.

United States v. Edison Burgos Montes
Criminal No. 06-09 (JAG)
Report and Recommendation
Page No. 9

### C. Audibility of the recordings.

Defendant Burgos finally submits a general allegation, without more, that many of the tapes are not sufficiently audible to discern the entire conversations.

The Court of Appeals for the First Circuit has long followed the generally accepted rule that where a tape recording is challenged on the grounds of audibility the question is whether "the inaudible parts are so substantial as to make the rest more misleading than helpful" and that admissibility rests within the discretion of the trial judge. Gorin v. United States, 313 F.2d 641, 651 (1st Cir. 1963); United States v. Nashawaty, 571 F.2d 71, 75 (1st Cir. 1978). *See* United States v. Robinson, 707 F.2d 872, 876 (6th Cir. 1983); United States v. Sutherland, 656 F.2d 1181, 1200 (5th Cir. 1981); United States v. Bell, 651 F.2d 1255, 1259 (8th Cir. 1981); United States v. Slade, 627 F.2d 293, 301 (U.S.App.D.C. 1980); United States v. Llinas, 603 F.2d 506, 508 (5th Cir. 1979); United States v. Knohl, 379 F.2d 427, 440 (2d Cir. 1967).

Furthermore, tape recordings which have been properly authenticated, may be enhanced by the government to improve its audibility by filtering out background noises and improving the clarity of the voices. *See* United States v. Carbone, 798 F.2d 21, 24 (1st Cir. 1986); Fountain v. United States, 384 F.2d 624, 631 (5th Cir. 1967); Knohl, 379 F.2d at 440. Audible means that some sound or part of some sound can be heard sufficiently to permit the listener to ascertain with reasonable reliability the sense in which the speaker used any word or words that can be heard. Trustworthiness or reliability is an elemental component of the term

audible within the law of evidence. Even upon admission of inaudible portions of tape recorded conversations, the trial court may provide the jury with a limiting instruction directing them to disregard inaudible portions of the tape. *See* United States v. Jadusingh, 12 F.3d 1162, 1167-68 (1st Cir. 1994); *see also* United States v. Maher, 454 F.3d 13, 23 (1st Cir. 2006).

Furthermore, the trial court may entertain evidentiary rulings in relation to admissibility of the tape recordings on real issues, not potential ones as submitted to this Magistrate Judge, which is whether the tapes' probative value is substantially outweighed by their tendency to mislead on account of the missing portions. Fed.R.Evid. 403. For such judgments, trial judges have considerable latitude. *See* United States v. Font-Ramírez, 944 F.2d 42, 47 (1st Cir. 1991); and *see* Doyon, 194 F.3d at 213.

In light of the above, any such related evidentiary ruling on admissibility of the recorded conversations is respectfully deferred to the Court.

We also note there is no request for *in camera* review of the recordings to substantiate defendant Burgos' claim of inaudibility and the Court should not hurdle such a burden. On a similarly related vein, questions on whether the trial judge is obliged to check transcripts against the tapes prior to their use by the jury was addressed in United States v. Mazza, 792 F.2d 1210 (1st Cir. 1986) finding no abuse of discretion for a trial judge to refuse to review transcripts *in camera* on the basis of general objections.

In United States v. Carbone, 798 F.2d at 26, audio recording of defendant and government witness discussing a drug deal although partially inaudible, incomplete, and altered

would still not render the recording inadmissible. *See also* United States v. Jordan, 223 F.3d 676, 688 (7th Cir. 2000) (inaudible portions of tape bear only on its weight, not admissibility); United States v. Dawson, 425 F.3d 389, 393 (7th Cir. 2005) (gaps do not render tapes inadmissible). *See* United States v. Wesley, 417 F.3d 612 (6th Cir. 2005) (inaudible portions of videotape recording of defendant's trip to see bank with confidential informant he had recruited as getaway driver were not so substantial as to render entire recording inadmissible as untrustworthy, where audible portions of recording were comprehensible and capable of being accurately transcribed).

Once defendant Burgos submits with specificity the inaudible portions of the tape recording or recordings he is contesting, the government is provided with an opportunity for enhancement and the parties meet their respective burdens as to the extent of the inaudible portions of the recordings, defendant's motion may be entertained for an appropriate hearing under Carbone to determine if the portions that are stated to be inaudible are so substantial to render the recording inadmissible. However, at this juncture, it is recommended that defendant Burgos' motion to exclude usage of recorded conversations because of a general claim that much of the tapes are not sufficiently audible to discern their entire conversation be DENIED. (Docket No. 85, p. 2, ¶6).

### III. CONCLUSION

In light of the above discussed, it is recommended that defendant Burgos' Motion to Exclude Usage of Tape Recordings (**Docket No. 85**) be DENIED as follows:

United States v. Edison Burgos Montes
Criminal No. 06-09 (JAG)
Report and Recommendation
Page No. 12

- motion to exclude usage of tape recordings under the Confrontation Clause be DENIED WITHOUT PREJUDICE;

- motion to exclude tape recording conversations on grounds of lack of authentication be DENIED WITHOUT PREJUDICE;

- motion to exclude usage of recorded conversations because of a general claim that much of the tapes are not sufficiently audible to discern their entire conversation be DENIED.

The parties have ten (10) days to file any objections to this report and recommendation. Failure to file same within the specified time waives the right to appeal this order. Henley Drilling Co. v. McGee, 36 F.3d 143, 150-151 (1st Cir. 1994); United States v. Valencia, 792 F.2d 4 (1st Cir. 1986). See Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985, 991 (1st Cir. 1988) ("Systemic efficiencies would be frustrated and the magistrate's role reduced to that a mere dress rehearser if a party were allowed to feint and weave at the initial hearing, and save its knockout punch for the second round").

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 6th day of September of 2006.

S/CAMILLE L. VELEZ-RIVE
CAMILLE L. VELEZ-RIVE
UNITED STATES MAGISTRATE JUDGE