```
                IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF PUERTO RICO
```

| | |
|---|---|
| United States of America,<br><br>**Plaintiff**<br><br>v.<br><br>Edison Burgos Montes, et al.,<br><br>**Defendant(s)** | **CIVIL NO.** 06-009-01 (JAG) |

## OPINION AND ORDER

Before the Court stands the government's motion for reconsideration requesting that the jury selection be open to the public. (Docket No. 545). For the reasons explained below, the government's motion is hereby **GRANTED WITH LIMITATIONS.**

### BACKGROUND

The issue before the Court concerns the dispute between the parties regarding whether or not *voir dire* should be made public. The parties in this case had agreed that *voir dire* should remain closed in order to ensure the candor of the jurors. Moreover, the parties expressed their thoughts and concerns regarding the juror questionnaire. (Docket No. 514). Thus, all parties were aware that the juror questionnaire stated that the answers to the questionnaire would not be discussed in open court.

For some inexplicable reason, the government has filed an eleventh hour motion requesting that the *voir dire* be open to the public. In its vehement requests that the *voir dire* be open to the public, the government argues that it first became aware of the court's intent to close the *voir dire* when reviewing the answers to the juror questionnaires. (Docket No. 545, p. 1-2).

The government filed its motion requesting that the jury selection process be open to the public (Docket No. 538) on April 4, 2012. The Court denied the government's request. (Docket No. 540). The government then filed the motion for reconsideration presently before the Court. (Docket No. 545). The Court ordered Edison Burgos Montes ("Defendant") to file a response to the government's motion and Defendant complied. (Docket No. 550). The government further filed a reply without requesting leave from the Court as mandated by the Local Rules. (Docket No. 554).

## ANALYSIS

The Court is presently faced with a situation in which the Government seeks to contravene its agreement that the jury selection process be closed to the public. To wit, the government presented its motion that the jury selection process be open to the public on April 4, 2012, and the process is scheduled to commence on April 9, 2012. The government has completely reversed its position and now vehemently demands that

the jury selection process be made public notwithstanding that this matter was discussed by the parties and that the jury questionnaires stated that the answers would not be disclosed in open court.[1]

The government posits that it simply cannot agree to an arrangement that runs counter to the law and that could lead to reversible error. (Docket No. 552). The government further posits that it first became aware of the intent of this Court to close the *voir dire* proceedings when reviewing jury questionnaires. This statement simply cannot be true. The parties agreed that the *voir dire* proceedings would be closed (Docket No. 295). Furthermore, the parties discussed and contributed in the preparation of the finalized jury questionnaires. (Docket No. 514). Thus, it seems **unfathomable** to the Court that government just became aware of the Court's intent when reviewing the filled out questionnaires.

Nonetheless, the government presently insists via its last minute motion that the *voir dire* be open to the public. The government contends that to close the *voir dire* would be contrary to the law and result in reversible error. As a result, the Court is presently faced with a predicament as it has ensured venire persons that their responses would not be discussed in open court.

---

[1] The jury questionnaire states: "The answers you provide will be kept private and will not be discussed in open court. Any questioning will be held in private, out of the presence of the other prospective jurors or the public."

The Supreme Court stated in Presley v. Georgia, 130 S.Ct. 721 (2010), that the Sixth Amendment right to a public trial extends to the jury *voir dire* procedure. The Presley court also emphasized its previous holding that the public trial right extends beyond the accused and can be invoked under the First Amendment. Id. at 723. The Supreme Court stated that "although the right to a public trial is not absolute, and may give way in certain cases to other rights or interests, such as the defendant's right to a fair trial or the government's interest in inhibiting disclosure of sensitive information, [s]uch circumstances will be rare ... and the balance of interests must be struck with special care." United States v. Agosto-Vega, 617 F.3d 541, 545 (1st Cir. 2010)(citing Presley, 130 S.Ct. at 724). Before excluding the public from any stage of a criminal trial: (1) the party seeking to close the hearing must advance an overriding interest that is likely to be prejudiced; (2) the closure must be no broader than necessary to protect that interest; (3) the trial court must consider reasonable alternatives to closing the proceedings; and (4) it must make findings adequate to support the closure. Presley, 130 S.Ct. at 724 (quoting Waller v. Georgia, 467 U.S. 39, 45 (1984)). Similarly, the First Circuit had also stated that "closure may be justified only by an overriding interest based on findings that closure is essential to preserve higher values and is

narrowly tailored to serve that interest, and held that a court must consider (and reject) alternatives to closure before barring public access." Agosto-Vega, 617 F.3d at 546 (1st Cir. 2010)(citing Owens v. United States, 483 F.3d 48, 61-62 (1st Cir. 2007))(internal quotations omitted).

Just four months before deciding Waller, the Supreme Court held in Press-Enterprise Co. v. Superior Court, 464 U.S. 501 (1984)("Press-Enterprise I ") that "[n]o right ranks higher than the right of the accused to a fair trial. Id. at 508. The Supreme Court also pointed out that "the primacy of the accused's right is difficult to separate from the right of everyone in the community to attend the *voir dire* which promotes fairness." Id.

In the case before the Court, Defendant posits that a closed *voir dire* is integral to the preservation of fundamental fairness in the jury selection process. Defendant avers that a closed *voir dire* is necessary for jurors to provide the most complete and honest answers possible in which they are uninhibited by intimidating factors or surroundings. Defendant further states that in Puerto Rico, a largely anti-death penalty jurisdiction, where the application of the death penalty is tied to hot-button issues like political affiliation and religion, the presence of the public during *voir dire* will inhibit the candor of potential jurors. Defendant also makes reference to

the juror questionnaire, which states that the answers in the questionnaire will not be disclosed to the public.

In contrast, the government avers that it cannot think of any prejudice that would ensue from a public *voir dire*. Moreover, the government proposes that a suitable alternative would be to allow potential jurors to approach the bench, with counsel present, to discuss any unduly personal issues that may arise. The government further states that closing the *voir dire* would be unnecessarily draconian and not in comport with the <u>Waller</u> factors. Therefore, the government posits that closing the *voir dire* to the public would contravene the law and lead to error.

The Court is faced with a predicament. On one hand, this is an issue that could have been easily addressed at an earlier stage of the trial had the government properly brought its arguments to light in a timely manner. Furthermore, the Court has already commenced the jury selection process and has ensured potential jurors that their answers to the juror questionnaire would not be discussed publicly. The Court is also aware that juror candor during the *voir dire* is key to ensuring that the Defendant is afforded a fair trial. On the other hand, the Court recognizes that there are strong constitutional concerns involved given the Supreme Court's understanding that public criminal trials militate towards ensuring fairness. Moreover,

the Court notes that in <u>In re Jury Questionnaires</u>, 37 A.3d 879, 889 (D.C. Cir. 2012), the D.C. Circuit stated its rejection of the idea that a "trial court's promise of confidentiality, although improper as a matter of policy, cannot be undone and that it would be unfair to disclose the questionnaires at this point. Promises of confidentiality in this context are not merely inappropriate; they are constitutionally unsound." (internal quotations omitted). Although the facts in <u>In re Jury Questionnaires</u>, are different from those presently before the Court, the Court finds that the D.C. Circuit's comments indicate that in light of the constitutional concerns involved, a judge's assurances of confidentiality to the *voir dire* during the questionnaire stage may ultimately prove unavailing.

In light of all of these competing concerns, the Court has opted to allow that the *voir dire* be conducted publicly. However, the names of those participating in the *voir dire* will be protected. Additionally, the Court will maintain strict control over the *voir dire* in order to ensure that the potential juror's protectable privacy interests are safeguarded. The jurors will be informed that if they are concerned about any sensitive questions, they may affirmatively request an opportunity to present the problem to the judge in a sidebar, but with counsel present and on the record. The Court believes

Criminal Case No. 06-009 (JAG)                                                 8

that this measure, will sufficiently comply with the second, third, and fourth factors outlined by the Supreme Court in <u>Waller</u>. In other words, in order to protect any privacy interests by *voir dire* participants and ensure Defendant's right to a fair trial, the Court will approve a reasonable alternative that is sufficient to protect those interests. In a further effort to protect all competing interests in this case, the *voir dire* will be conducted by the Court asking the pertinent questions and directing itself towards the potential jurors and reassure them that their privacy interests will be protected. Moreover, the following procedures shall be strictly observed: (1) counsel shall furnish the Court with their proposed *voir dire* follow up questions concerning each juror's questionnaire in writing and in advance; (2) the follow up questions shall be delivered to the Court the day before no later than 4 P.M. for those jurors who are scheduled to come the next day; (3) under no circumstances shall the answers submitted in the questionnaires be disclosed to the public during the jury selection process or the duration of trial; (4) for those jurors who are scheduled to be questioned on Monday April 9, 2012, the parties shall submit their proposed follow up questions by 9 A.M. on April 9, 2012; (5) the Court reiterates that the jurors' personal information contained in the questionnaire cover page,

including their name, address, and other information that could identify the jurors, shall not be disclosed to the public.

Finally, the Court once again expresses its distaste towards the government's behavior. The Court finds that the government's push for making the *voir dire* public two working days before the *voir dire* is actually held to be inexcusable behavior. Furthermore, the Court finds that the government's claims that they just became aware of the Court's intent to close the *voir dire* when reviewing questionnaires to be disingenuous. The government has been involved at all stages of this process and was allowed to make comments regarding the *voir dire* questionnaire. As a result, there is absolutely no way that the government just learned of this matter on April 4, 2012. The Court also reminds the parties that it expects strict compliance with the Federal Rules of Criminal Procedure, as well as this Court's Local Rules.

## CONCLUSION

In light of the discussion above, the Court hereby **GRANTS, UNDER THE LIMITATIONS SET FORTH IN THIS OPINION,** the government's motion for reconsideration.

IT IS SO ORDERED.

In San Juan, Puerto Rico this 7th day of April, 2012.

                                        s/ Jay A. García Gregory
                                        JAY A. GARCIA GREGORY
                                        U.S. DISTRICT JUDGE